UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ODELL MARBLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-5027 |
| | ) |
| NIKKI TAFOYA, in her official capacity | ) |
| as Quality Assurance Manager, Indiana | ) |
| Department of Correction, | ) |
| KIMBERLY HOBSON, Health Care | ) |
| Administrator, Wabash Valley | ) |
| Correctional Facility, | ) |
| | ) |
| Defendants. | ) |

**Complaint for Declaratory and Injunctive Relief**

1. Mr. Marbley, a prisoner confined to the Wabash Valley Correctional Facility, one of Indiana's prisons operated by the Indiana Department of Correction, has suffered with cataracts in both eyes. In approximately 2016, the Indiana Department of Correction, through its medical provider, authorized and provided him with cataract surgery on his left eye. However, the defendants, representatives of the Department of Correction and its medical provider, Wexford of Indiana, LLC, have refused this surgery for his right eye, which is severely compromised because of the cataract. This refusal represents deliberate indifference to his serious medical need. Appropriate injunctive and declaratory relief should issue so that Mr. Marbley can be provided with this medically necessary surgery.

[1]

**Jurisdiction, venue, cause of action**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and by 28 U.S.C. §§ 2201, 2202.

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6. Odell Marbley is an adult resident of the State of Indiana who is committed to the Indiana Department of Correction after conviction of, and sentencing for, certain crimes. He is currently confined to the Wabash Valley Correctional Facility.

7. Nikki Tafoya is a Quality Assurance Manager for the Indiana Department of Correction, and is an employee of the Department. She is sued in her official capacity.

8. Kimberly Hobson is the Health Care Administrator at Wabash Valley Correctional Facility. She is an employee of the Department of Correction's medical provider, Wexford of Indiana, LLC, and is sued in her official capacity.

**Factual allegations**

9. A cataract is the clouding of the normally clear lens in the eye that affects the vision of the sufferer.

10. Typical symptoms of cataracts include, but are not limited to, cloudy or blurry vision, double-vision or multiple images in one eye, and poor night vision.

11. If left untreated, cataracts can cause eye pain, light sensitivity, headaches, and ultimately blindness in the affected eye.

12. The symptoms of cataracts in their early stages can be improved with eyeglasses and brighter lighting. But if the cataract advances and these measures do not help, surgery is the only effective treatment.

13. In approximately 90 percent of cases, people who have cataract surgery experience better vision afterward.

14. Cataracts can be caused by aging, or as a secondary result of other eye conditions, congenital conditions, or past trauma to the eye.

15. Mr. Marbley has suffered from cataracts in both eyes for more than four years.

16. In approximately 2016, while confined within the Indiana Department of Correction, Mr. Marbley was approved for cataract surgery and surgery was performed on his left eye.

17. He is not sure why surgery was performed on his left eye, as his right eye is his dominant eye –the leading eye for his sight— and the cataract in that eye was just as bad as that which was formerly in his left eye.

18. Following the surgery his vision improved in his left eye, although it remains blurry.

19. However, his vision in his right eye, which still has a cataract, remains extremely poor and is deteriorating.

20. His vison through that eye is like looking through a thick fog. He is able see something if it is directly in front of his face. But, otherwise he is not able to see out of his right eye.

21. It is a constant strain to try to see things and Mr. Marbley gets frequent painful headaches and his eyes will hurt, although the pain is mainly in the right eye.

22. When he tries to see anything by focusing on it, his "good" eye, the left eye, will get blurry and the effort causes the headaches and pain.

23. He is very sensitive to light as it causes pain. The light causes the headaches as well. He always wears sunglasses.

24. He has no depth perception because of the cataract in his right eye. This, and his general vision deficiencies because of the cataract, cause many problems as he attempts to navigate through the prison environment. He has unintentionally run into other prisoners, which creates potentially dangerous situations. He has difficulty in going up and down steps. He has fallen out of bed because he has had not been able to accurately judge distances. He has also hit his head on objects because he is not able to determine exactly where they are.

25. Since his surgery on his left eye, he has consistently requested that he receive cataract surgery on his right eye.

26. The Indiana Department of Correction provides medical care to its prisoners through a contract provider, Wexford of Indiana, LLC ("Wexford").

27. Although the Wexford ophthalmologist who visits the institution has indicated that he needs the surgery on his right eye, the surgery has been denied to him.

28. As can be seen from the attached exhibit, Wabash Valley Health Care Administrator Kimberly Hobson has specified that the cataract surgery on his right eye be denied because he is deemed to be high risk for the surgery on account of his chronic kidney disease and coronary heart disease with congestive heart failure.

29. However, these chronic health conditions are under control. Moreover, Mr. Marbley had these conditions when he had his cataract surgery on his left eye and they were not deemed to be an impediment to surgery at that time.

30. Nevertheless, defendant Nikki Tafoya, a quality assurance manager for the Department of Correction, concurred in the decision not to provide Mr. Marbley the surgery, instead deeming the failure to provide him with surgery to be appropriate.

31. Based on these determinations by defendants, he was denied surgery.

32. The denial of the surgery is not medically justified and represents deliberate indifference to a serious medical need.

33. Mr. Marbley has fully exhausted all grievance remedies. (See attached exhibit).

34. Mr. Marbley is being caused irreparable harm for which there is no adequate remedy at law.

35. At all times defendants have acted, and have failed to act, under color of state law.

**Claim for relief**

35. The failure of the defendants to provide plaintiff with surgery to treat and correct his cataract in his right eye violates the Eighth Amendment to the United States Constitution.

**Request for relief**

   WHEREFORE, plaintiff requests that the Court:

   a. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

   b. Declare that defendants have violated plaintiff's constitutional rights for the reasons noted above.

   c. Enter a permanent injunction, requiring defendants to authorize cataract surgery on plaintiff's right eye.

   d. Award plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

   e. Award all other proper relief.

                                        Kenneth J. Falk
                                        ACLU of Indiana
                                        1031 E. Washington St.
                                        Indianapolis, IN 46202
                                        317/635-4059
                                        fax: 317/635-4105
                                        kfalk@aclu-in.org

                                        Attorney for Plaintiff